### MORGAN v. BENNETT.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. LIBEL AND SLANDER—PLEADING—RELEVANCY.

In an action for libel, allegations of extrinsic facts, from which it was claimed that it was the intent of the publication to connect plaintiff with the commission of certain crimes, were stricken out because of irrelevancy. *Held* error, since, as the totality of the slanderous imputation was not apparent from the article itself, such facts as gave point to the publication were necessary parts of the complaint.

2. SAME—GOOD CHARACTER.

In an action for libel, allegations of plaintiff's good character are not detrimental to defendant, since the law presumes good character.

Appeal from special term, New York county.

Action by Albert J. Morgan against James Gordon Bennett. From an order striking portions of the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

T. P. Wickes, for appellant.
R. W. Cundler, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff to recover from the defendant damages alleged to have been sustained by the publication in the Evening Telegram on the 9th of February, 1899, of a libel concerning the plaintiff. The complaint contains allegations as to the situation and circumstances of the plaintiff, the publication, and certain extrinsic facts, from which it was claimed that it was clearly intended by said publication to connect the plaintiff with the commission of certain crimes. Upon motion, a large portion of these allegations was stricken out upon the ground that they were irrelevant, redundant, and scandalous. In this, we think, the court erred. The counsel upon this appeal substantially agree as to the rule of law which is applicable to cases of this description. But we think that the plaintiff had a right to set out and prove any and every fact which tended to show that it was the intention of the publication to connect him with the crimes, which were then the subject of newspaper discussion. The totality of the slanderous imputation was not apparent from the article itself. It was the extrinsic facts which gave point to the publication; and the situation of the plaintiff and his surroundings, and the nature of the crimes, which were referred to indirectly in the article, became necessary parts of the complaint, in order that proof showing what was intended, and the effect which it might have upon the plaintiff and his reputation, might be given. It seems to us that the claim which appears to be made upon the part of the defendant that in the case at bar the words of the publication were not susceptible of a latent meaning is certainly not well taken. The whole of the article consists of suggestions, and the pertinency and force of these suggestions could only be determined by a knowledge of all the circumstances surrounding the incidents vaguely and suggestively indicated in the publication. The insinuation is just as pointed, when the extrinsic facts are known, as the direct allegation would be. Under circumstances of this description, we do not think that upon a motion of this kind the court should be astute to strike out averments by way of inducement or by way of innuendo, as it is impossible to determine, except upon the trial, precisely how far evidence in regard to these extrinsic matters may be competent. While it may be true that the plaintiff, in the first instance, could not give evidence in regard to good character, yet, as the law presumes such good character, an allegation upon that subject could in no manner harm or be of detriment to the defendant; and such an allegation has received the sanction of more than a century of pleading.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.